IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **EDISON ZORILLA, Individually and** § | | |
| **on behalf of all others similarly** § | | |
| **situated** § | | |
| § | | |
| **VS.** § | C.A. NO. 4:16-cv-615 | |
| § | | |
| § | | |
| **UBER TECHNOLOGIES, INC.** § | **JURY DEMANDED** | |

### PLAINTIFF'S FIRST AMENDED ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW, **EDDISON ZORILLA**, **MORRIS TAIBEL** and **ERICK CASTILLO**, Individually and on behalf of all others similarly situated, Plaintiff complaining of Defendant **UBER TECHNOLOGIES, INC.** ("Uber"), and files this Original Complaint and for cause of action shows the following:

### INTRODUCTION

1. This case is brought on behalf of individuals who have worked as Uber drivers in Texas. When agreeing to become drivers for Uber, Plaintiffs and all others similarly situated are required to enter into agreements mandating that any actions brought by the drivers against Uber arising out of their relationship are subject to California law irrespective of the venue of the complaint. Accordingly, this matter is subject to the laws of the State of California.

2. Uber is a car service that provides drivers who can be hailed and dispatched through a mobile phone application which is maintained and operated by Uber. As set forth below, Uber has advertised to customers that gratuity is included in the cost of its car service. However, Uber drivers do not receive the total proceeds of any such gratuity. Instead, they receive only a portion of such gratuity, if any is charged to the customer. Moreover, based on Uber's statements to

customers that a gratuity is included in the fare charged, few if any customers actually leave tips for the drivers, which tips are customary in the transportation business and which tips the drivers would ordinarily receive but for Uber's statements that gratuity is included within the fare.

3. Plaintiffs bring this action on their own behalf, and on behalf of other similarly situated Uber drivers, for unjust enrichment, tortious interference with contractual relations, breach of contract, violation of the California Unfair Competition Law, Cal. Bus. & Prof. Code §17200 *et seq.* ("UCL"), based upon Uber's violation of the California Gratuities Law, California Labor Code Section 351, and failure to remit to drivers the entire gratuity paid by customers, or that customers would otherwise intend to leave for them, but for Uber's statements.

4. In addition, Plaintiffs bring this action on behalf of Uber drivers who have been misclassified as independent contractors, and thereby are required to pay business expenses for their vehicles such as gas, additional insurance, and maintenance in violation of California Labor Code Section 2802.

## PARTIES

5. Plaintiff **EDDISON ZORILLA** was at all relevant times a resident of Harris County, Texas and working as an UberX driver. Plaintiff **MORRIS TAIBEL** was at all relevant times a resident of Harris County, Texas and working as an Uber Select driver. Plaintiff **ERICK CASTILLO** was at all relevant times a resident of Harris County, Texas and working as an Uber Black driver.

6. Defendant **UBER TECHNOLOGIES, INC.** is a Delaware corporation with its principal place of business located in San Francisco, California. It has been served with process.

## JURISDICTION AND VENUE

7. This is an action at law and in equity to redress violations of California Unfair Competition Law, Cal. Bus. & Prof. Code §17200 *et seq.* ("UCL"), based upon Uber's violation of

the California Gratuities Law, California Labor Code Section 351. This Court has jurisdiction over the state law claims asserted herein pursuant to the Class Action Fairness Act, 28 U.S.C. §1332(d)(2), since Defendant is a Delaware corporation with its principal place of business in California and, upon the original filing of this Complaint, members of the putative plaintiff class resided in the State of Texas; there are more than 100 putative class members; and the amount in controversy exceeds $5 million. The Court has supplemental jurisdiction over Plaintiffs' related claims arising under state and local law pursuant to 28 U.S.C. §1367(a).

8.  Moreover, this Court has jurisdiction pursuant to 28 U.S.C. §1332 as Plaintiffs and those similarly situated are residents of Texas and Defendant is a Delaware corporation with its principal place of business in California and who is authorized to do business in the State of Texas. Additionally, venue lies in this Court under 28 U.S.C. §1391 as the causes of action alleged herein are based upon actions and activities that substantially took place at all relevant times in the State of Texas.  By reason thereof, the jurisdiction and venue of this action is proper in any federal district court in the Southern District of Texas. Furthermore, the matter in controversy exceeds, exclusive of interest and costs, the sum specified by 28 U.S.C. §1331 and accordingly, jurisdiction is proper before this court.

## STATEMENT OF FACTS

9.  Uber provides car service in cities throughout the country via an on-demand dispatch system.

10. Plaintiffs and others similarly situated applied for and were accepted by Uber to become drivers in the State of Texas for Uber pursuant to the terms and conditions of the agreements between them, which agreements Plaintiffs and other similarly situated were required to execute and enter into if they wanted to become drivers for Uber.

11. Uber offers customers the ability to hail a car-service driver on a mobile phone application.

12. Uber's website has advertised that "Uber is your on-demand private driver."

13. Uber has stated to customers, both on its website and in marketing materials, that a gratuity is included in the total cost of the car service and that there is no need to tip the driver.

14. However, Uber drivers have not received the total proceeds of such gratuity.

15. Instead, Uber has retained a portion of the gratuity for itself.

16. For Uber Black, Uber Select, and UberX drivers, Uber has not specified the amount of the gratuity.

17. However, it is customary in the car-service industry for customers to leave approximately a 20% gratuity for drivers. Thus, where the amount of the gratuity is not specified, reasonable customers would assume that the gratuity is in the range of 20% of the total fare.

18. As a result of Uber's conduct and actions in informing customers that there is no need to tip the drivers because gratuity is included in the cost of its service, but then refusing to remit the total proceeds of the gratuity to the drivers, Uber has deprived its drivers of payments to which they are entitled, and to which reasonable customers would have expected the drivers to receive.

19. Although classified as independent contractors, Uber drivers are employees. They must follow a litany of detailed requirements imposed on them by Uber. Uber grades the drivers, who are subject to termination, based on their failure to adhere to these requirements (e.g. rules regarding their conduct with customers, the cleanliness of their vehicles, timeliness in picking up customers and taking them to their destinations, what they are allowed to say to customers, etc.).

20. In addition, Uber is in the business of providing car service to customers, and that

is the service that Uber drivers provide. The drivers' services are fully integrated into Uber's business, and without the drivers, Uber's business would not exist. It is only through the use of Uber's mobile phone application that Plaintiffs and others similarly situated are provided with individuals and fares to pick up. Uber sets the amount of each fare with no input by the drivers. Moreover, Uber unilaterally determines how each fare is split between Uber and the drivers. Uber maintains records concerning the drivers to include GPS records, mileage and time records, and number of fares. Finally, the agreements required by Uber in order to become an Uber driver are prepared by Uber, and are what is known as contracts of adhesion. The drivers have no input into the content of the agreement, and are left with no choice but to agree to the form if they want to drive for Uber.

21.     However, and notwithstanding the amount of control Uber has over the drivers and their ability to drive for Uber, Uber misclassifies the drivers as independent contractors. Uber drivers are required to bear many of the expenses of their employment, including expenses for their vehicles, gas, additional commercial insurance, as well as other expenses such as city permit fees. California law requires employers to reimburse employees for such expenses, which are for the benefit of the employer and are necessary for the employees to perform their jobs. Moreover, Uber benefits from the additional qualifications some of their Uber Select and Uber Black drivers provide such as additional commercial insurance and the ability to pick up passengers at local airports, all of which cost the drivers which costs are not reimbursed or even shared by Uber.

## CLASS ACTION ALLEGATIONS

22.     Plaintiffs bring this action as a class action, pursuant to Rule 23 of the Federal Rules of Civil Procedure, on behalf of Uber Black, Uber Select and UberX drivers who have worked for Uber in the State of Texas.

23. Uber uniformly deprives Plaintiffs and other class members of gratuities which Uber does not remit to them.

24. The members of the class are so numerous that joinder of all class members is impracticable.

25. Common questions of law and fact regarding Uber's conduct with respect to gratuities exist as to all members of the class and predominate over any questions affecting solely any individual members of the class. Among the questions of law and fact common to the class are:

    a. Whether Defendant has charged customers a gratuity for class members' services;

    b. Whether Defendant has failed to distribute the total proceeds of those gratuities to the class members;

    c. Whether Defendant has informed customers that gratuity is included in the price of the Uber service and that there is no need to tip the drivers;

    d. Whether class members have suffered damages based upon Uber's representation to customers that tips are included while not distributing such gratuities to the drivers.

26. Common questions of law and fact also exist as to members of the class who have been misclassified as independent contractors. Among the questions of law and fact that are common to these drivers are:

    a. Whether Uber required class members to follow uniform policies and procedures regarding their work for Uber;

    b. Whether the work performed by class members (providing car service to

     customers) is within Uber's usual course of business, and whether such service is fully integrated into Uber's business;

  c. Whether Uber required class members to bear the expenses of their employment, such as expenses for their vehicles, gas, governmental permits, insurance, and other automobile related expenses.

27. The named Plaintiffs are members of the class who has suffered damages as a result of Defendant's conduct and actions alleged herein.

28. The named Plaintiffs' claims are typical of the claims of the class of drivers in which they are members, i.e., UberX, Uber XL, Uber Select and Uber Black, and the named Plaintiffs have the same interests as the other members of the class.

29. The named Plaintiffs will fairly and adequately represent and protect the interests of the class. The named Plaintiffs have retained able counsel experienced in class action litigation. The interests of the named Plaintiffs are coincident with, and not antagonistic to, the interests of the other class members.

30. The questions of law and fact common to the members of the class predominate over any questions affecting only individual members, including legal and factual issues relating to liability and damages.

31. A class action is superior to other available methods for the fair and efficient adjudication of this controversy because joinder of all class members is impractical. Moreover, since the damages suffered by individual members of the class may be relatively small, the expense and burden of individual litigation makes it practically impossible for the members of the class individually to redress the wrongs done to them. The class is readily definable and prosecution of this action as a class action will eliminate the possibility of repetitive litigation. There will be no

difficulty in the management of this action as a class action.

## CAUSES OF ACTION

A. **Unfair Competition in Violation of California Business and Professions Code §17200 *et seq.***

32.     Defendant's conduct, as set forth above, violates the California Unfair Law, Cal. Bus. & Prof. Code §17200 *et seq.* Defendant's conduct constitutes unlawful business acts or practices, in that Defendant has violated California Labor Code Sections 351 and 2802. As a result of Defendant's unlawful conduct, Plaintiffs and class members suffered injury in fact and lost money and property, including, but not limited to loss of gratuities to which they were entitled and customers expected them to receive, and business expenses that drivers were required to pay. Pursuant to California Business and Professions Code §17203, Plaintiffs and class members seek declaratory and injunctive relief for Defendant's unlawful conduct and to recover restitution. Pursuant to California Code of Civil Procedure §1021.5, Plaintiffs and class members are entitled to recover reasonable attorneys' fees, costs, and expenses incurred in bringing this action.

B. **Independent Contractor Misclassification and Expense Reimbursement Violation**

33.     Defendant's conduct, as set forth above, in misclassifying Uber drivers as independent contractors, and failing to reimburse them for expenses they paid that should have been borne by their employer, constitutes a violation of California Labor Code Section 2802.

34.     Moreover, Uber's misclassification of the Plaintiffs and the other drivers as independent contractors when in fact they are employees further deprives Plaintiffs and the other drivers of those benefits and protections afforded them under state and federal law.

C. **Unjust Enrichment**

35.     By not fully paying Plaintiffs and others similarly situated and more specifically by retaining a portion of the gratuities owed to its drivers, Defendant has been unjustly enriched.

Plaintiffs and the class are entitled to restitution for their full share of the proceeds of these gratuities. Plaintiffs and the class are further entitled to those other benefits provided to employees to include but not be limited to such as fair hourly wages, overtime wages, unemployment insurance, Social Security and worker's compensation insurance. By not providing these benefits and others typically provided to employees, Uber has been unjustly enriched.

### D.   Statutory Gratuity Violation

36.   Defendant's conduct as set forth herein and in failing to remit the gratuities to its drivers constitutes a violation of California Labor Code, Section 351. This violation is enforceable pursuant to California Unfair Law, Cal. Bus. & Prof. Code §17200.

### E.   Tortious Interference with Contractual and/or Advantageous Relations

37.   Defendant's conduct as set forth herein in failing to remit the total proceeds of the gratuities to the drivers, constitutes unlawful interference with the contractual and/or advantageous relationship that exists between the drivers and their customers under California common-law. Moreover, in telling the customers that there is no need to tip the drivers, Defendant has tortuously interfered with the contractual and/or advantageous relationship that exists between the drivers and their customers under California and Texas common-law. Plaintiff and all others similarly situated hereby request that they recover their damages proximately caused by Defendant's conduct.

### F.   Breach of Contract

38.   Defendant's conduct as set forth herein further constitutes a breach of the contract between Defendant and the drivers, pursuant to California common-law. There is an implied contract between the parties, whereby Defendant is required to remit to the drivers the total proceeds of all gratuities. Defendant has not done so, and has therefore breached the contract. Moreover, the drivers are third-party beneficiaries of the contractual relationship between

Defendant and its customers. Accordingly, the gratuities collected by Defendant are intended to be for the benefit of the drivers, and Defendant's failure to remit the total proceeds of the gratuities is an additional breach of the contract. Plaintiffs and all others similarly situated hereby request that they recover their damages proximately caused by Defendant's conduct.

## JURY DEMAND

39. Plaintiffs and all others similarly situated request a trial by jury on all of their claims.

WHEREFORE PREMISES CONSIDERED, Plaintiffs and all others similarly situated request that this Court certify this case as a class action, pursuant to Fed. R. Civ. P. 23; award restitution for all charged gratuities which were not remitted to the drivers; award reimbursement that the drivers who were misclassified as independent contractors were required to bear; find that the drivers are employees and thereby entitled to all relevant and pertinent benefits; award pre- and post-judgment interest; award reasonable attorneys' fees, costs, and expenses; and award any other relief to which the Plaintiffs may be entitled.

Respectfully submitted,

**LAW OFFICES OF KEVIN R. MICHAELS, P.C.**

By: */s/ Kevin R. Michaels*
     Kevin R. Michaels
     State Bar No.: 00784598
     888 W. Sam Houston Pkwy. S., Suite 226
     Houston, Texas 77042
     Telephone: 281-496-9889
     Facsimile: 281-496-4211
     kmichaels@michaelslaw.net

**ATTORNEY-IN-CHARGE FOR PLAINTIFFS**

OF COUNSEL:

**WILLIAMSON, SEARS & RUSNAK, LLP**
Ross A. Sears, II
State Bar No. 17960011
4310 Yoakum Boulevard
Houston, Texas 77006
Telephone: (713) 223-3330
Facsimile: (713) 223-0001
Email: ross@wsrlawfirm.com

**KLITSAS & VERCHER P.C.**
Loren G. Klitsas
Federal Bar No.: 16451
550 Westcott, Suite 550
Houston, Texas 77007
Telephone: 713-862-1365
Facsimile: 713-862-1465
klitsas@kv-law.com

**THE GOLDBERG LAW OFFICE, PLLC**
Daniel J. Goldberg
TBN 24052856
2006 Commonwealth Street
Houston, Texas 77006
Telephone: 713-942-0600
Facsimile: 713-942-0601
DJG@LawGoldberg.com